UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JUSTIN MARTIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                    Defendant. | 1:26-CV-1686 (RA)<br><br>ORDER OF SERVICE |

RONNIE ABRAMS, United States District Judge:

Plaintiff Justin Martin, of New York, New York, brought this action on March 2, 2026, *pro se,* asserting claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act against Midland Credit Management, Inc. ("MCM").[1]  On March 3, 2026, Chief Judge Swain granted Plaintiff leave to proceed in this action without prepayment of fees, that is, *in forma pauperis* ("IFP"). In an Amended Complaint filed on April 27, 2026, Plaintiff seeks damages and declaratory relief.  This case was reassigned to the undersigned from Chief Judge Swain on May 5, 2026.

The Court directs service on MCM and grants Plaintiff's motion for permission for electronic case filing.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service on MCM.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the

---

[1] Plaintiff's Amended Complaint (ECF 11) is the operative pleading for this action.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service on MCM until the Court reviewed the Amended Complaint and ordered that a summons be issued for MCM. The Court therefore extends the time to serve MCM until 90 days after the date that a summons for MCM issues.

court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on MCM through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for MCM. The Clerk of Court is further instructed to issue a summons for MCM and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the Amended Complaint on MCM.

If a summons and the Amended Complaint are not served on MCM within 90 days after the date that a summons for MCM is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her mailing address changes, and the Court may dismiss this action if she fails to do so.

**CONCLUSION**

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court also respectfully directs the Clerk of Court to: (1) issue a summons for Defendant Midland Credit Management, Inc. ("MCM"); (2) complete a USM-285 form with the service address for MCM; and (3) deliver all documents necessary to effect service of a summons and the Amended Complaint (ECF 11) on MCM to the United States Marshals Service.

The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 5). The

Clerk of Court is respectfully directed to terminate the motion pending at ECF 5.

SO ORDERED.

Dated:    May 6, 2026
          New York, New York

Ronnie Abrams
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Midland Credit Management, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207